IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICKIE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 2:24-cv-134-TFM-N |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION, ORDER, AND JUDGMENT**

Pending before the Court are two untitled documents submitted by Plaintiff which relate to the Memorandum Opinion and Order issued on September 15, 2025. *See* Docs. 61, 62. Having reviewed both documents, the Court **CONSTRUES** them as a motion for reconsideration of the Memorandum Opinion. Plaintiff indicates that she is reappearing and sending documents and pictures regarding her case, requests compensation, and states she is still in a lot of pain. Having reviewed the request, the Court finds that no response is necessary prior to the issuance of this opinion. For the reasons discussed below, the motion for reconsideration (Docs. 61, 62) is **DENIED**.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Further, a motion under Rule 59 must be filed

no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(b). The Rule 59 motion was timely filed as the judgment was entered on September 15, 2025.

The Court finds nothing in the Rule 59 motion for reconsideration that causes it to question its determinations in the prior opinion. Further, the Court finds no manifest errors of law or fact. Rather, the matters are all matters that were previously litigated or could have been raised previously. Therefore, they are not entitled to relief pursuant to Fed. R. Civ. P. 59. Accordingly, Plaintiff's motion for reconsideration is **DENIED** under Rule 59.

Because she is *pro se*, the Court also considered the Plaintiff's motion as one brought under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

Even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief. As such, the motion for reconsideration is **DENIED** under Rule 60.

The Clerk of Court is **DIRECTED** to enter this document on the civil docket sheet as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. This case remains closed.

**DONE** and **ORDERED** this 15th day of October, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE